```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SAMUEL BIBBY,<br>    Plaintiff,<br>  v.<br>CORRECTIONAL MEDICAL SERVICES,<br>INC., NICOLLETE A. TURNER,<br>M.D., and MICHELLE MILLER, N.P.<br>    Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 02-5561 (JBS)<br><br>**OPINION** |

APPEARANCES:

Jeremy D. Frey, Esq.
Anthony J. Destribats, Esq.
Heather N. Oehlmann, Esq.
PEPPER HAMILTON LLP
300 Alexander Park
Princeton, NJ 08543
    Attorneys for Plaintiff Samuel Bibby

Joel Schneider, Esq.
Kerri E. Chewning, Esq.
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
    Attorneys for Defendants Correctional Medical Services,
    Inc., Nicollette A Turner, M.D. and Michelle Miller, N.P.

**SIMANDLE**, District Judge:

   This matter is before the Court upon the motion by Defendants Correctional Medical Services, Inc. ("CMS"), Nicolette A. Turner, M.D. and Michelle Miller, N.P. for partial summary judgment. Defendants argue that Plaintiff's failure to submit a timely Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27 is fatal to his common law claims for negligence and medical malpractice.[1]

---

[1] Initially, the Court notes that Defendants have improperly captioned their motion as one for partial summary judgment. The

Because Plaintiff has substantially complied with the requirements of the Affidavit of Merit Statute, however, the Court will deny the motion.

**I.   BACKGROUND**

The facts bearing upon this motion are taken from the allegations in Plaintiff's well-pleaded complaint, which the Court will accept as true for present purposes.

In January, 2001, while incarcerated at Northern State Prison in Newark, New Jersey, Plaintiff Samuel Bibby was advised by Defendant Nicollette Turner, M.D. that he had tested positive for Hepatitis C ("HVC"), a potentially fatal virus that causes liver disease, including cirrhosis of the liver and liver cancer.[2]  (Am. Compl. ¶¶ 1, 8, 9, 12.)  Notwithstanding that diagnosis, however, Plaintiff was not treated for HVC until June, 2003, more than two years after he learned he was HVC positive. (Id. ¶ 13.)

---

failure by a plaintiff to deliver a proper affidavit within the statutory time period is considered tantamount to failing to state a cause of action upon which relief can be granted and, thus, is properly analyzed under Rule 12(b)(6), Fed. R. Civ. P. See Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 146-47 (2003).  Accordingly, the Court will look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the non-movant, Plaintiff's allegations state a legal claim. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

[2] Plaintiff is currently incarcerated at Bayside State Prison in Leesburg, New Jersey.  (Destribats Aff. ¶ 24.)

Moreover, according to the complaint Plaintiff was not properly treated once treatment finally commenced. Specifically, Plaintiff was not provided with the medically required 48 week regimen of interferon treatment, nor did Plaintiff receive additional treatment once the interferon regimen concluded. (Id. ¶¶ 13, 14.)

On November 18, 2002, Plaintiff submitted a complaint pro se which was filed on April 2, 2003. On January 26, 2005, an Order was entered appointing pro bono counsel for Plaintiff. On May 25, 2005, Plaintiff filed an Amended Complaint under 42 U.S.C. § 1983, as well as state law, alleging that Defendants deprived him of "appropriate testing, monitoring and treatment for HCV, causing him to suffer irreversible progression of the HCV related disease." (Id. ¶ 20.) Defendants each answered the Amended Complaint on August 2, 2005.

Defendants subsequently filed the instant motion for partial summary judgment arguing that Plaintiff failed to timely submit the requisite Affidavit of Merit under N.J.S.A. 2A:53A-27.

## II. DISCUSSION

New Jersey's Affidavit of Merit Statute provides, in pertinent part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide

>each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A. 2A:53A-27.

"The Legislature enacted the statute with the laudatory purpose of weeding out frivolous lawsuits early in the process." Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 146 (2003). The statute additionally serves the dual purpose of "ensuring that plaintiffs with meritorious claims will have their day in court." Id. at 151 (quoting Hubbard v. Reed, 168 N.J. 387, 395 (2001)). The New Jersey Affidavit of Merit Statute applies to medical malpractice claims asserted in federal court pursuant to diversity jurisdiction, Chamberlain v. Giampapa, 210 F.3d 154, 157 (3d Cir. 2000), and there is no reason why this requirement would not likewise apply to professional negligence claims arising under New Jersey law within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.[3]

---

[3] This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and supplemental jurisdiction under 28 U.S.C. § 1367 as to Plaintiff's New Jersey common law claims for negligence and medical malpractice.

4

The statute imposes a set of conditions precedent to maintaining a malpractice action under New Jersey law: (1) that the plaintiff obtain an affidavit from an appropriate, licensed expert attesting to the "reasonable probability" of professional negligence; and (2) that the plaintiff provide the defendant with the affidavit withing sixty days of the filing of the answer or, for good cause shown, within an additional sixty day period. Ferreira, 178 N.J. at 149-50 (citing N.J.S.A. 2A:53A-27). Failure to deliver a proper affidavit within the statutory time period is generally considered tantamount to failing to state a cause of action and, therefore, typically mandates dismissal of the complaint with prejudice. Ferreira, 178 N.J. at 146-47 (citing Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 242 (1998)).

A complaint will not be dismissed, however, if the plaintiff can show "substantial compliance" with the statute. The doctrine of substantial compliance requires the plaintiff to show:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute.

Ferreira, 178 N.J. at 151 (quoting Galik v. Clara Maass Med. Ctr., 167 N.J. 387, 395 (2001)). Here, Plaintiff argues that the Affidavit of Merit submitted together with his opposition to the

5

instant motion is sufficient under the statute. (See Pl. Opp. Br. at 13-15.) For the reasons now explained, the Court agrees.[4]

Despite numerous requests by Plaintiff for medical records, Bibby did not receive the records from Defendant CMS until January 26, 2006, two weeks <u>after</u> the instant motion was filed. Plaintiff claims to have made several requests through counsel for these records from as early as May 10, 2005, but the records remained in the custody of Defendant CMS.[5] (Destribats Aff. ¶¶ 27-32.) Moreover, Plaintiff contends that additional requests were made on March 15 and July 5, 2005. (<u>Id.</u> ¶ 28.) Finally, a request was made on January 19, 2006, together with Plaintiff's authorization. (<u>Id.</u> ¶ 30.)

---

[4] Additionally, a complaint will be dismissed <u>without</u> prejudice when "extraordinary circumstances" exist to explain non-compliance. <u>Ferreira</u>, 178 N.J. at 146-47 (citing <u>Palanque v. Lambert-Woolley</u>, 168 N.J. 398, 404-05 (2001)). Here, in light of the Court's holding that Plaintiff has substantially complied with the statutory requirements, the Court need not examine whether extraordinary circumstances existed excusing the timely filing of an affidavit of merit. The Court does note, though, that Defendants' failure to disclose Plaintiff's medical records until <u>after</u> the instant motion was filed, as Plaintiff alleges, would likely constitute such circumstances. See <u>Barreiro v. Morais</u>, 318 N.J. Super. 461 (App. Div. 1999) (finding extraordinary circumstances where defendants failed to timely turn over medical records, their pleadings made no reference to the Affidavit of Merit Statute, and the parties exchanged discovery requests prior to the filing of the dismissal motion).

[5] Plaintiff maintains that he made requests for medical records from Monmouth County Correctional Institution from as early as July 26, 2004. (Destribats Aff. ¶ 31.)

Once Plaintiff received his medical records on January 26th, counsel immediately forwarded those records to Dr. Robert M. Weinstock, who reviewed the records and prepared an Affidavit of Merit.  (Id. ¶ 32.)  Plaintiff submitted Dr. Weinstock's Affidavit of Merit together with his opposition to the instant motion.  (Id. Ex. CC.)  Defendants do not challenge the sufficiency of the Affidavit of Merit itself.

In Barreiro v. Morais, 318 N.J. Super. 461 (App. Div. 1999), the Court did not dismiss the plaintiff's complaint with prejudice for failure to file an affidavit of merit where the defendants had not timely turned over to plaintiff his complete medical records.  Moreover, in that case the defendants' pleadings made no reference to the Affidavit of Merit Statute.  Finally, the parties exchanged discovery requests before defendants filed their dismissal motion under the statute.[6]

The court there concluded, based on the foregoing, that dismissing the complaint would have "afford[ed] malpractice defendants with a sword to fight off a malpractice action by

---

[6] The court in Barreiro, 318 N.J. Super. 461, found that extraordinary circumstances existed which excused the plaintiff's failure to file an Affidavit of Merit.  Accordingly, the court dismissed the complaint without prejudice to the plaintiff's right to re-file a new complaint together with an appropriate Affidavit of Merit.  Id. at 473.  Here, as already noted, Plaintiff has submitted an Affidavit of Merit together with the opposition brief, the sufficiency of which Defendants have not challenged.  Accordingly, dismissal without prejudice in this case is not an appropriate remedy.

procrastinating in providing records and other relevant materials that a competent, conscientious expert would have to analyze before submitting an Affidavit of Merit," which would have been contrary to the legislative purpose of the statute.  Accordingly, the court reversed the trial court's dismissal of the complaint based on the plaintiff's failure to file a timely Affidavit of Merit.

Similarly here, the Court finds that despite a number of discovery requests for Plaintiff's medical records, Plaintiff did not receive those records until <u>after</u> Defendants moved to dismiss the common law claims.[7]  Moreover, Plaintiff has in fact submitted an Affidavit of Merit which Defendants do not challenge.  In short, taking all of Plaintiff's allegations as true and construing them in a light most favorable to Plaintiff, the Court concludes that Plaintiff has substantially complied with the Affidavit of Merit Statute.  Finally, Defendants have not cited to the Court what prejudice will result from this holding.  Accordingly, the Court will deny the instant motion.

### III. CONCLUSION

Where the purpose of the Affidavit of Merit Statute is to weed out frivolous lawsuits early in the process, <u>Ferreira</u>, 178 N.J. at 146, dismissal of this complaint under the circumstances

---

[7] Moreover, as in <u>Barreiro</u>, 318 N.J. Super. 461, Defendants here did not reference the Affidavit of Merit Statute in their respective answers which were filed on August 2, 2005.

presented would not further that aim.  Therefore, the Court will deny the motion by Defendants Correctional Medical Services, Inc. ("CMS"), Nicolette A. Turner, M.D. and Michelle Miller, N.P. for partial summary judgment.

An appropriate Order will be entered.


August 23, 2006                         **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        U.S. District Court